**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD JAMES BONNER,

      Defendant-Appellant.

No. 97-8090
(D.C. No. 97-CR-0016-J)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **LUCERO**, Circuit Judges.

---

On January 17, 1997, Defendant-Appellant Richard James Bonner was charged with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). A jury found Bonner not guilty on the conspiracy charge and guilty on the possession with intent to distribute charge. Bonner challenges his conviction on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

two grounds: (1) there was insufficient evidence for his possession with intent to distribute conviction, and (2) the trial court should have granted Bonner's acquittal motion. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

To convict Bonner of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1), the government had to prove that Bonner possessed a controlled substance, knew that he possessed a control substance, and intended to distribute the controlled substance. See United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997). Bonner contends that the government failed to meet its burden on the third element because there was insufficient evidence to establish his intent to distribute.

We review sufficiency of the evidence questions de novo. See United States v. Bell, 154 F.3d 1205, 1208 (10th Cir. 1998). Evidence is sufficient to support a conviction if the evidence and reasonable inferences drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. Id. In examining the evidence, we evaluate the sufficiency of the evidence by considering the collective inferences to be drawn from the evidence as a whole. See United States v. Johnson, 130 F.3d 1420, 1428 (10th Cir. 1997), cert. denied, 119 S.Ct. 78 (1998). We will not overturn a jury's finding unless no reasonable juror could have reached the disputed verdict. Id.

Reviewing the evidence in the light most favorable to the government, we find that the combination of the various pieces of evidence provides sufficient grounds for a reasonable jury to conclude that Bonner intended to distribute the methamphetamine. The evidence is as follows. In December 1996, Bonner and an acquaintance, Memory Pachowicz, lived in Rapid City, South Dakota. The following month, Bonner and Pachowicz drove to Spokane, Washington with the remainder of 18 ounces of methamphetamine that Pachowicz had stolen from her boyfriend. (App. Vol. 3, at 45.) Prior to leaving for Spokane, Pachowicz repackaged the drugs into small bundles and distributed it for resale. (Id.) Pachowicz sold portions of this methamphetamine to Bonner on two different occasions, once selling him a gram, (id. at 46), and another time selling him a quarter of an ounce (7.1 grams). (Id. at 54.) Pachowicz also "fronted" Bonner an additional ounce and a half of methamphetamine (42.5 grams) — meaning, she advanced methamphetamine to Bonner for no money up front in exchange for a promise to payback the money earned on resale of the substance. (Id. at 45-46, 49-50.) Pachowicz added that Bonner "was supposed to be my partner," (id. at 51), that Bonner was present the majority of the time when Pachowicz made sales of methamphetamine, (id. at 52), and that they had an understanding that as soon as they arrived in Spokane, they would use, distribute, and sell the rest of the methamphetamine "to have money to live on." (Id. at 78, 80.) Pachowicz had

assumed that Bonner would make enough money from the profit of the methamphetamine sales that he could buy himself a car and return to Rapid City from Spokane. (Id. at 115.)

During their drive to Spokane, Bonner and Pachowicz stopped at the Flying J Truck Stop in Gillette, Wyoming and became involved in a heated argument over accusations that Bonner was stealing methamphetamine. (Id. at 112.) The argument turned violent and Pachowicz shot at Bonner with her pistol, but missed. (Id. at 63.) The police were summoned to investigate this disturbance and after subsequent arrests discovered: (1) Bonner concealing 3.5 grams of methamphetamine, inside his sock, that had been divided and packaged into five or six separate bindles, (id. at 134-37, 174, 176, 183, 212, 217); (2) Six empty plastic bags found on Bonner, (id. at 139-49); (3) Three hundred dollars in cash hidden underneath the insole liner of Bonner's right shoe, (id. at 138-39, 149); and (4) Nine individually wrapped bags of methamphetamine, (id. at 210-11), weighing 70 grams, (id. at 215), that were hidden in a tissue box that Bonner had concealed in a birdcage that was in Pachowicz's car, (id. at 191-92).

When considered collectively and in the light most favorable to the government, the evidence clearly provides grounds for a reasonable jury to conclude that Bonner intended to distribute methamphetamine. There was testimony that Bonner had previously sold methamphetamine to three different

- 4 -

customers, (id. at 55, 81-83), that the $300 hidden in Bonner's shoe were drug sale profits, (id. at 104), and that Bonner intended to sell more methamphetamine in the future, (id. at 78-80). Indeed, an officer testified that the 3.5 grams of methamphetamine and the empty baggies found on Bonner were indicative of a drug distribution scheme. (Id. at 140.)

Bonner's attempts to portray the evidence as proof of only possession and not an intent to distribute are unpersuasive given the standard of review for sufficiency claims. For example, Bonner argues that the $300 hidden in his shoe were a gift from his mother and were not profits from drug sales. (Aplt. Br. at 10.) However, this argument was already apparently rejected by the jury, and given the plethora of evidence described above, there was sufficient evidence for a reasonable jury to conclude that Bonner intended to distribute methamphetamine.

Since the standard of review for sufficiency of the evidence and motions for judgment of acquittal are the same, compare Bell, 154 F.3d at 1208 (sufficiency of the evidence) with United States v. Janusz, 135 F.3d 1319, 1323 (10th Cir. 1998) (motion of acquittal), Bonner's acquittal motion is likewise denied.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 5 -